Luis Vázquez-Gueits, Plaintiff and Appellant, *v.* Workmen's Relief Commission, Defendant and Appellee.

No. 3874. Argued May 26, 1926.—Decided July 30, 1926.

*Miguel Bahamonde* for the appellant. *Attorney General George C. Butte, Carlos Llauger Díaz* and *Emilio Aldrey* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Luis Vázquez Gueits was not satisfied with a decision of the Workmen's Relief Comission dismissing his claim for compensation for the death of his son Andrés, and brought this action in the District Court of Ponce. After trial the court rendered judgment dismissing the complaint, whereupon Vázquez interposed the present appeal.

One of the defenses set up in the lower court was that the action had been brought after the expiration of the time allowed by the law therefor.

The decision of the commission was rendered on the 11th of June, 1924, and, according to a certificate issued by the secretary of the commission and included in the record, the claimant, Luis Vázquez Gueits, was notified by mail on the 19th of June, 1924. The complaint was filed on the 31st of January, 1925, or more than six months from the date of the notice.

The law applicable to the case is section 9 of the Workmen's Accident Compensation Act of 1918, as amended by Act No. 61 of 1921, and it provides that such appeals shall

be taken by filing with the secretary of the district court for the judicial district where the accident occurred a written statement of the facts within thirty days following receipt of notice of the decision of the commission.

This being the case, if we accept the certificate issued by the secretary of the commission as showing that the claimant was notified, the action was barred by limitation.

But the appellant contends that he was not notified until the 8th of January, 1925. He so testified under oath at the trial, and as the record of the commission shows that, notwithstanding the fact that the claimant's address was stated as 100 Condado Street, the notice had been mailed to him addressed to "Marueño, Ponce, P. R.," a rural ward having no regular mail service, we are inclined to give the appellant the benefit of the doubt.

But the district court did not base its decision solely on the question of prescription. On the pleadings and the evidence the court found that it was proved also (1) that the claimant's son "did not die as a result of an accident caused by the employment which entitles to compensation under the law on the subject," and (2) that the plaintiff did not depend on his son for support.

We have examined the averments of the complaint and even without going into the evidence we are forced to sustain the judgment appealed from. They are as follows:

"2. That before and on the 23rd of April, 1923, Andrés Vázquez Colón, legitimate son of the appellant, was working for his employer, Manuel Colón Luna, on a farm owned by said Colón, located at Marueño ward, Ponce, as watchman, and that while he was in the performance of his duty as such watchman of said Manuel Colón Luna on the said farm the shotgun used by said Andrés Vázquez Colón was accidentally discharged through his left side killing him instantly.

"3. That the appellant filed his claim as heir dependent upon the deceased workman with the Workmen's Relief Commission of Porto Rico, within the time and form and pursuant to all the formalities of the law, to the end that the said commission may have

considered and decided the case, and the said commission on June 11, 1924, rendered a decision the dispositive part of which reads that 'In the case of Andrés Vázquez, 35640, the dismissal of the claim was decided, the case not involving one of the accidents covered by the law. This decision should be notified to the interested party'."

In due course of time the defendant appellee answered, alleging that these averments were not sufficient, because while it is stated that Andrés Vázquez was the watchman of the farm, it is not alleged that his employment required the use of a shotgun, and because in respect to the dependency, the only thing that is said is that the claim is filed by the appellant "as heir who depended on the deceased workman," which does not necessarily mean that he really depended on the workman, but that he claimed that he depended on him. The actual allegation of dependency is lacking.

In our opinion the defendant is right, but if all of this should be classed as too technical and an examination of the evidence be made, we might perhaps entertain some doubt as to whether or not the accident was caused by the employment; yet we would have no doubt in respect to the failure of the plaintiff to prove that he was reasonably dependent on his son for support. The son was earning about fifteen dollars a month and was supporting a concubine. The statement of the father was so exaggerated that the court was justified in not believing it.

The judgment appealed from should be affirmed.

Mr. Justice Hutchison took no part in the decision of this case.